## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD LEWIS,<br>3100 Altair Lane<br>Upper Marlboro, MD 20774 | ) ) ) ) | |
|      Plaintiff, | ) | Case No. _____ |
| v. | ) ) | |
| McCabe, Weisberg & Conway, Llc<br>123 S. Broad Street<br>Philadelphia, PA 19109 | ) ) ) ) | |
|      Defendant, | ) ) | |
| Laura H.G. O'Sullivan, Erin M. Brady, Diana C.<br>Theologou, Jonathan Elefant, Chasity Brown, and<br>Laura T. Curry<br>123 S. Broad Street<br>Philadelphia, PA 19109 | ) ) ) ) ) ) | |
|      Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Bernard Lewis sues the Defendants and in support thereof, alleges the following:

## NATURE OF THE ACTION

1.       This is an action for actual damages under the Maryland Consumer Debt Collection Act,

Md. Code §14-201 ("MCDCA"), and Maryland Consumer Protection Act, Md. Code §13-301 ("MCPA").

## PARTIES TO THIS ACTION

2.       Plaintiff Bernard Lewis is a natural person, and he resides in the state of Maryland.

3.       Defendant McCabe, Weisberg & Conway, Llc ("MWC") is a law firm that specializes in

the collection of mortgage debts.

4.       Defendants Laura H.G. O'Sullivan, Erin M. Brady, Diana C. Theologou, Jonathan

Elefant, Chasity Brown and Laura T. Curry are attorneys for MWC (hereinafter, "MWC").

## FACTUAL ALLEGATIONS

5.    Mr. Lewis has a personal residence in Prince George's County and obtained a mortgage loan from Ameriquest Mortgage Company to refinance his property in December 2004.

6.    Ocwen Loan Servicing, LLC ("Ocwen"), which changed its name to PHH Mortgage Corporation ("PHH") serviced the mortgage loan.

7.    NewRez LLC acted as a sub-servicer for Plaintiff's mortgage loan.

8.    In PHH's initial communication to Plaintiff, PHH identified AMSI 2005-R1 as the entity that owned Plaintiff's mortgage loan.

9.    However, AMSI 2005-R1 does not exist and does not own Plaintiff's mortgage loan.

10.    PHH also stated in its initial communication that the debt amount owed was $587,238.27.

11.    However, included in the $587,238.27 figure were amounts that were older than three years old and not collectible in court of competent jurisdiction.

12.    PHH was not in possession of the original note and/or the original note was not payable to PHH or AMSI 2005-R1 or to bearer.

13.    NewRez LLC sent mortgage statements that overstated the amount due by at least $30,000.

14.    The $30,000 was added around the time that PHH acquired the loan from Ocwen.

15.    Upon information and belief, the inflated amount was due to excessive interest, escrow and fees charged to the account.

16.    NewRez LLC also charged and attempted to collect fees and costs for an illegal foreclosure action that was dismissed due to lack of right to file or maintain the action.

17.    On numerous occasions, Plaintiff wrote to PHH and NewRez LLC to notify them of the errors on his account, but the errors were not corrected.

18.    Thereafter, they continued to seek collection of the erroneous, inflated amount.

19.    PHH referred the loan to MWC and executed a Substitution of Trustee on June 3, 2020.

20.   The Substitution of Trustee did not actually appoint MWC's attorneys as substitute trustees because PHH was neither the lender, "holder" of the original note, nor an agent to the lender or holder and therefore, PHH had no authority to appoint anyone as a trustee.

21.   On June 22, 2020, attorneys for MWC filed a foreclosure order to docket.

22.   The foreclosure was filed illegally because MWC had no authority to file it.

23.   MWC received and reviewed the file and learned from their review of the file that PHH was not the "holder" of the original note and AMSI 2005-R1 was not owner of the loan.

24.   Therefore, MWC knew PHH could not appoint them as substitute trustee and that MWC obtained no right to file the foreclosure action as a result of the Substitution of Trustee.

25.   Included in the foreclosure order to docket were documents, including an affidavit of debt, that demanded amounts that included the inflated $30,000, illegal foreclosure fees and costs from prior foreclosure action that was dismissed and amounts that were time-barred or not judicially enforceable.

26.   MWC did not inform Plaintiff that that the total debt amount was not enforceable in court.

27.   As a result of the MWC's illegal foreclosure action, Plaintiff incurred costs of consulting with an attorney to deal with the foreclosure

## COUNT ONE: VIOLATION(S) OF MCDCA

28.   Plaintiff incorporates the preceding allegations by reference.

29.   MWC violated Com Law § 14-202(11) by attempting to collect an inflated debt amount.

30.   MWC violated Com Law § 14-202(11) by attempting to collect unauthorized fees.

31.   MWC violated Com Law § 14-202(11) by filing a foreclosure action when they had no legal right to do so.

32.   MWC violated Com Law § 14-202(11) by attempting to collect on the debt via an illegal foreclosure action.

33.     MWC violated Com Law § 14-202(11) by falsely representing the character and status of the debt thru its filing of a foreclosure order to docket when the character and status of the debt did not permit MWC to initiate a foreclosure action.

34.     MWC violated Com Law § 14-202(11) by falsely and unfairly representing or inferring that they could judicially enforce a portion of the debt that was older than three-years old.

35.     MWC violated Com Law § 14-202(8) by its actions described infra ¶¶ 36-.

36.     From its review of the file and publicly available documents, MWC knew or should have known that AMSI 2005-R1 was not a legal entity and had no interest in the Plaintiff's mortgage loan.

37.     Because MWC knew or should have known that AMSI 2005-R1 was not a legal entity, MWC knew that AMSI 2005-R1 was not a "holder" of the Note and had no interest in the deed of trust.

38.     Further MWC knew from its review of the file, publicly available documents and their own past experience with Deutsche Bank National Trust Company ("Deutsche Bank"), the purported trustee for the legally nonexistent trust, that Deutsche Bank was not actively managing Plaintiff's mortgage loan and had no real, substantial interest in the loan.

39.     MWC knew that Deutsche Bank, as purported trustee for the non-existent entity AMSI 2005-R1 could not appoint a substitute trustee for Plaintiff's deed of trust.

40.     Thus, MWC knew the Substitution of Trustee that PHH filed on behalf of Deutsche Bank, as Trustee for AMSI 2005-R1 had no legal effect and did not legally appoint MWC as substitute trustees for Plaintiff's deed of trust.

41.     Despite knowing that they had not been legally appointed new substitute trustees, MWC filed a foreclosure action against the Plaintiff.

42.     MWC's foregoing violations caused the Plaintiff to suffer actual damages, including out-of-pocket or pecuniary costs, undue and illegal charges, fear of being foreclosed on and other mental and emotional distress, rendering MWC liable for actual damages pursuant to Com Law § 14-203.

## COUNT TWO: VIOLATION(S) OF MCPA

43.     Plaintiff incorporates the preceding allegations by reference.

44.     Defendants violated the MCDCA, Md. Code Ann., Com Law § 13-301(14)(iii) contemporaneously with their violations of the MCDCA, Com Law at §§ 14-202(8) and 14-202(11).

45.     MWC's foregoing violations caused the Plaintiff to suffer actual damages, including out-of-pocket or pecuniary costs, undue and illegal charges, fear of being foreclosed on and other mental and emotional distress, rendering MWC liable for actual damages pursuant to MCPA at § 13-408(a), and for attorney's fees pursuant to MCPA, § 13-408(b).

## TRIAL BY JURY IS DEMANDED

46.     Plaintiff demands a trial by jury of any and all issues triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks a judgment of $100,000 or more against the Defendant for actual damages and for attorneys' fees and costs, and such other specific or general relief the Court does find just and appropriate.

Respectfully submitted,

**BERNARD LEWIS**

/s/ *Jeffrey W. Styles*
Jeffrey W. Styles, Esq., Bar. 20659
Washington Legal Group, LLC
1001 Connecticut Ave, NW, Suite #1138
Washington, District of Columbia 20036
Tel: (202) 503-1708
Email: jstyles@washlegal.com

*Attorney for Plaintiff*